| Battery Park City Auth. v Pier A Battery Park Assoc., LLC |
|---|
| 2025 NY Slip Op 31720(U) |
| May 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156217/2022 |
| Judge: Lyle E. Frank |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     **HON. LYLE E. FRANK**             **PART**                 **11M**

                                                        *Justice*

-----------------------------------------------------------------------------X

BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L.
CAREY BATTERY PARK CITY AUTHORITY,

                                    Plaintiff,

                              - v -

PIER A BATTERY PARK ASSOCIATES, LLC,PAUL
LAMAS, PETER POULAKAKOS, NEW YORK CITY
WATERFRONT DEVELOPMENT FUND II, LLC

                                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 156217/2022 |
| **MOTION DATE** | 10/28/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 130, 131, 132, 133, 134, 135, 141, 143, 144, 145, 146, 147, 153, 154

were read on this motion to/for             DISCONTINUE                 .

Upon the foregoing documents, plaintiff's motion is granted.

## Background

This is a commercial landlord-tenant case centered on a historic building located on Pier A at 22 Battery Place. The building in question is owned by New York City and had been leased to Pier A Battery Park Associates, LLC ("Tenant") under an agreement with the Battery Park City Authority ("BPCA"). Paul Lamas and Peter Poulakakos (collectively, the "Guarantors", together with the Tenant "Defendants") signed a Good Guy Guaranty agreement in favor of the BPCA. Tenant granted New York City Waterfront Development Fund II, LLC (the "Fund") a security interest in its leasehold estate. In April of 2020, during the COVID-19 pandemic, Tenant sent a letter to BPCA and the Fund claiming to have permanently closed its business and operations in the Pier A building. In July, Tenant's counsel sent a letter to the BPCA stating that

the April letter constituted formal notice that the leasehold was surrendered. This purported surrender was rejected by both the BPCA and the Fund.

In July of 2022, the BPCA filed this underlying suit, asserting claims of breach of the lease and seeking eviction and a declaratory judgment that the lease had been terminated based on Tenant's default under the lease. They also sought to hold the Guarantors liable under the guaranty. Then in March of 2024, the Fund moved to substitute itself as plaintiff in this matter, on the grounds that the BPCA had assigned their rights regarding several of the claims in this proceeding to them on January 03, 2024 (the "Assignment"). This motion was granted. In the same month, the BPCA moved for partial summary judgment, seeking a declaration that the Lease at issue had been terminated and that the Tenant no longer has the right to occupy the premises. They stated that they were not seeking relief relating to any monetary obligations. This motion was granted (the "March Order").

## Discussion

The BPCA brings the present motion seeking an order of partial discontinuance (removing any remaining causes of action that the BPCA has in this matter) and entry of a proposed judgment on the March Order. A court is authorized by CPLR § 3217(b) to "grant a motion for voluntary discontinuance upon terms and conditions, as the court deems proper" and such a determination rests with the court's discretion, although it should be granted absent special circumstances. *Bank of Am., N.A. v. Douglas*, 110 A.D.3d 452, 452 [1st Dept. 2013]. Because there are no special circumstances here, the part of the motion requesting a voluntary discontinuance of the BPCA's remaining claims is granted, as is the portion requesting that the caption be amended.

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL Motion No.  005**

**Page 2 of 4**

2 of 4

[* 2]

Defendants oppose the motion, and argue that to discontinue the remaining claims, the BPCA must also discontinue the claims that formed the basis of the award of partial summary judgment in the March Order. They also seek to compel the BPCA to reimburse attorneys' fees incurred in the process of litigating the now abandoned claims, and an order requiring the BPCA to participate fully in discovery at its own cost for the remainder of this proceeding. The main point of contention between the parties on this motion involves the date of the lease's termination. Because the date that the lease terminated impacts claims and defenses in this proceeding, the Defendants wish the Court to make it clear that the March Order did not issue a finding of the specific date of lease termination, but only that as of that time the lease had terminated.

Defendants have failed to show a binding basis for much of their opposition to this motion. They have not offered sufficient grounds for requiring a now non-party to participate in discovery at their own cost, particularly given the ample time during the course of this proceeding for Defendants to have served discovery demands on the BPCA while they were a named party. Nor have they demonstrated that an award of attorneys' fees would be warranted. But the March Order specifically did not address the issue of on what precise date the lease terminated, and the entry of judgment will reflect that. Accordingly, it is hereby

ADJUDGED that plaintiff's motion is granted; and it is further

ORDERED that the claims and causes of action asserted by plaintiff BPCA in Counts I(d), II(d), and III of the complaint, against defendant Pier A. Battery Park Associates, LLC in the above-captioned action, be and hereby are discontinued with prejudice pursuant to CPLR § 3217(b), without costs to any part as against the other; and it is further

**156217/2022   BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK
CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL
Motion No.  005**

**Page 3 of 4**

3 of 4

ORDERED that after entry of judgment in favor of BPCA in connection with its motion for partial summary judgment that the Court granted by Decision & Order dated September 11, 2024, and entered on September 16, 2024 (NYSCEF # 112) the caption shall be amended to reflect the Court's order on Motion Sequence No. 001, granting the substitution of New York City Waterfront Development Fund II, LLC as plaintiff on counts IV-IX in the complaint, and the resolution of all claims concerning plaintiff BPCA, to read as follows: "New York City Waterfront Development Fund II, LLC, Plaintiff, -against- Pier A Battery Park Associates, LLC, Paul Lamas, and Peter Poulakakos, Defendants" and that the Clerk of the Court is directed to make appropriate entries in the docket to reflect the amended caption; and it is further

ADJUDGED, DECLARED, and DECREED that (a) the Lease (as referred to in the complaint) was terminated no later than April 28, 2022, (b) that Tenant Pier A Battery Park Associates, LLC has no right to possess, use, or occupy the Demised Premises (as referred to in the complaint), or to use the Public Areas (as referred to in the complaint), as of April 28, 2022, and (c) the BPCA is entitled to immediate possession of the Demised Premises.

20250512162208LFRANKE314673FA20945EFB2515014A44ED806

| 5/12/2025 | | | | | |
|-----------|--|--|--|--|--|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156217/2022  BATTERY PARK CITY AUTHORITY D/B/A THE HUGH L. CAREY BATTERY PARK CITY AUTHORITY vs. PIER A BATTERY PARK ASSOCIATES, LLC ET AL Motion No. 005**  Page 4 of 4

4 of 4